IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>RAYMOND L. OLSEN and<br>GLADYS M. OLSEN,<br><br>                       Debtors.<br><br>LARRY D. COMPTON, Trustee<br><br>                       Plaintiff,<br><br>v.<br><br>RAYMOND L. OLSEN and GLADYS M. OLSEN,<br><br>                       Defendants. | Case No. 5-84-50009<br><br>Chapter 7<br><br><br><br>Adversary Proceeding<br><br>Adv. No. 05-90013<br><br>**Filed On<br>7/18/05** |

### MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Plaintiff trustee has requested summary judgment to revoke each debtors' discharge. His motion was filed on May 13, 2005, on the day this adversary proceeding was filed.[1]

The summary judgment motion was filed prematurely. FRCP56(a), incorporated into bankruptcy adversary proceedings in bankruptcy by FRBP 7056, provides the motion should be filed no sooner than 20 days after the adversary is commenced.

---

[1] Dkts 1-8 are the complaint and various papers related to the summary judgment motion (some correcting documents were filed on May 19, 2005, six days after the filing of the complaint).

MEMORANDUM REGARDING DENIAL OF
TRUSTEE'S  MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE

Page 1 of 2

More fundamentally, there is nothing in the record to show the *pro se* defendant debtors have been properly served with the summons and complaint. Without service, the court has no jurisdiction to enter any judgment against the defendant debtors.[2]

Plaintiff has not sought to default defendants; had the defendants been served and properly defaulted under FRCP 55(a) (incorporated by FRBP 7055), the materials prematurely submitted in support of summary judgment would have possibly served, instead, to prove up the facts in support of a default judgment.[3] If the defendants are (or, the court can be shown they have been) properly served with a summons and complaint, and subsequently defaulted, the plaintiff trustee may submit a request for a default judgment relying on the summary judgment papers previously filed on May 13, 2005, in order to prove up the default judgment.

DATED: July 18, 2005

    /s/ Herb Ross
    HERB ROSS
    U.S. Bankruptcy Judge

Serve: J. Siemers, Esq. (for plaintiff)
       Raymond Olsen, defendant (pro se)
       Gladys Olsen, defendant (pro se)
       P. Gingras, Adv. Case Mgr

7/18/05.   D5464

---

[2] In re Pacific Land Sales, Inc., 187 BR 302, 309 (9th Cir BAP 1995).

[3] FRCP 55(b).

MEMORANDUM REGARDING DENIAL OF
TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE

Page 2 of 2