JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA

605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On 8/10/05**

| | |
|---|---|
| In re RAYMOND L. OLSEN and GLADYS M. OLSEN,<br><br>                 Debtor(s) | Case No. 5-84-00009-HAR<br>In Chapter 7 |
| LARRY D. COMPTON, Trustee,<br><br>                 Plaintiff(s)<br>   v.<br>RAYMOND L. OLSEN and GLADYS M. OLSEN,<br><br>                 Defendant(s) | Adv Proc No K05-90013-HAR<br><br>**MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION FOR RECONSIDERATION OF DENIAL OF HIS MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE** |

Plaintiff trustee has moved for reconsideration[1] of the order denying his motion for summary judgment to revoke each debtors' discharge.[2]  The summary judgment motion was filed on May 13, 2005, on the day this adversary proceeding was filed.[3]  The motion for reconsideration will likewise be denied by a separate order being filed concurrently with this memorandum.

---

[1] Dkt 15.

[2] Dkt 14.

[3] Dkts 1-8 are the complaint and various papers related to the summary judgment motion (some correcting documents were filed on May 19, 2005, six days after the filing of the complaint).

1. <u>SERVICE BY FIRST CLASS MAIL</u>- The trustee plaintiff's attorney, John Siemers, argues that the Olsens were served by first class mail, in accordance with FRBP 7004(b)(9), regarding service of a summons on a debtor.[4] The court denied summary judgment because it was unsure whether service by mail had been properly effected. It invited plaintiff to make a showing that service had in fact been properly made.

Instead, the motion for reconsideration argues that a debtor may be served by first class mail – which is not the issue the court raised in its denial, but whether service had, in fact, been properly made.

There *is* no proof in this proceeding that the court can find that service of the summons and complaint <u>*by first class mail*</u> has been made in accordance with the rule. If there is and the court missed it, the plaintiff was invited to point it out to the court. Wilma French, an employee of Mr. Siemers' firm, said in her affidavit regarding service of the summons and complaint that these documents were mailed to debtors jointly, instead of individually, "by regular U.S. Mail;" and, elsewhere in the affidavit, said that she mailed them "via Certified Mail, Return Receipt Requested, Restricted Delivery."[5] She nowhere indicated the service was by "first class mail."

This raises three questions (factual and legal), the answers to which I do not know, and plaintiff should educate me on each one if he hopes to get a judgment:

- did plaintiff, in fact, serve by "first class mail;"
- was service of the debtors jointly sufficient; and,
- does the use of certified and/or restricted mail comport with FRCP 7004(b)?

---

[4] *See*, Dkt 15 at page 2. In her affidavit of service for the motion to reconsider, Wilma French states she served this document on debtors "via regular, <u>first class</u> U.S. Mail" [emphasis added] (Dkt 17). This leads me to believe Mr. Siemers does recognize that the proof of service of the summons and complaint (which does not mention first class mail) was deficient, and disingenuously or stubbornly fails to address the issue head on. Or, perhaps, resolve it by filing an amended proof of service of the summons and complaint.

[5] Dkt 11, filed on July 15, 2005, two months after the alleged service.

MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION
FOR RECONSIDERATION OF DENIAL OF HIS MOTION
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE                                                    Page 2 of 6

It *may* be that an amended proof of service is all that is necessary to show that the May 2005 service of the summons and complaint was by "first class mail." To date, however, plaintiff's proof of service is ambiguous.

It also may be true that service of the summons and complaint jointly is sufficient. At least one court has held such a procedure was okay, but in that case the notice was received by both.[6] Here, it is not certain that it is sufficient to serve two parties in a joint first class envelope. This should be briefed when applying for a default. Hypothetically, adverse parties may share the same mailing address; does it comport with due process to assume a jointly addressed envelope is adequate notice to the party who does not pick up the mail?

There is also question of whether the first class mail service rule allows for use of certified and/or restricted mail delivery. The courts go both ways on the issue, some indicating that the use of certified mail may make service defective when the mail is refused.[7]

In applying for a default, the plaintiff should brief this issue. Or, he can do the simple thing and just serve the defendants again individually, by first class mail (note: the 120 day time limit for service runs on about September 10, 2005[8]).

In the denial of the motion for summary judgment without prejudice, I invited plaintiff to show the court if service was proper, and, if he did this, to apply for a default and the court would consider the prematurely filed summary judgment motion for the purpose of proving up a default

---

[6] In re Ted A. Petras Furs, Inc., 172 BR 170, 177 (Bankr EDNY 1994), *subsequently dismissed*, 100 F3d 943 (2nd Cir 1996).

[7] *Compare*, In re Ted A. Petras Furs, Inc., 172 BR at 176-77 (Bankr EDNY 1994) [found service by certified mail was an "extra step" которая did not vitiate proper service; note: defendants accepted mail delivery]; *with* In re Eleva. Inc., 2000 WL 33710904 (D Utah 2000) ["Because there are differences between first class and certified mail (i.e., certified mail requires an affirmative act by a defendant to obtain an unidentified package that is being held by the post office, and the plaintiff receives actual notice regarding whether the defendant actually received the package), this court finds that service by certified mail is not sufficient, unless the defendant actually receives the mail."]

[8] FRCP 4(m), incorporated by FRBP 7004(a).

MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION
FOR RECONSIDERATION OF DENIAL OF HIS MOTION
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE                                                Page 3 of 6

judgment. I will extend the offer again: (a) show the court that service of the summons and complaint in May 2005, was valid to give the court jurisdiction; (b) apply for a default; and, (c) request a default judgment, for which plaintiff can use the premature summary judgment materials (which I have not reviewed yet, but am assuming will be sufficient for proving up a default judgment, if plaintiff thought it sufficient for a grant of summary judgment).

2. <u>EFFECT OF PREMATURE SUMMARY JUDGMENT MOTION</u>- I did not research the issue of the effect of plaintiff jumping the gun on filing his motion for summary judgment. It seemed like it might be a defect, but the issue would be finessed if the defendants could be defaulted because they had been property served and did not appear. The default judgment procedure would be an easy resolution without having to determine the effect of the premature motion.

It is worth mentioning that Mr. Siemers has cited no authority for the court simply disregarding the procedural defect. The Ninth Circuit has held that a prematurely filed summary judgment motion may be a denied.[9]

3. <u>BENEFITS TO PLAINTIFF IN USING DEFAULT PROCEDURE</u>- The main issue – or at least the first issue – is whether the court has personal jurisdiction of the Olsens based on proper service. If the court does, it cannot understand why Mr. Siemers persists in invoking a procedure requiring the establishment of the right to a summary judgment under Rule 56, instead of the lower burden of establishing the right to a default judgment under Rule 55(b).

---

[9] <u>Local Union No. 490, United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO v Kirkhill Rubber Co.</u>, 367 F2d 956, 958 (9th Cir 1966).

MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION
FOR RECONSIDERATION OF DENIAL OF HIS MOTION
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE                    Page 4 of 6

Under Rule 56 (summary judgment), the party *against* whom summary judgment is sought is entitled the have most facts interpreted in the most favorable way to it, and movant must clearly show the right to prevail as a matter of law.[10]

Under Rule 55 (default judgment), on the other hand, the deck is stacked *for* the movant. All well pled allegations are deemed admitted and <u>the movant</u> is entitled to all reasonable inferences from the evidence offered[11] – a favorable treatment, not afforded to the movant for summary judgment.

The default judgment procedure has a lower bar to clear. The court cannot understand why the plaintiff's attorney seems to eschew the easy route for the harder one.  Nor can it understand why he would have undertaken the more costly procedure of preparing a full blown summary judgment motion, instead of waiting to see if the Olsens defaulted, and filing a more streamlined proof to support a default judgment.

<u>In any event, the court will require the plaintiff to address the primary issue of whether there is proper service by filing a request for a default and, if default is granted, follow that up with a request for default judgment as I have indicated</u> .

---

[10]<u>DeHart v Richfield Oil Corp.</u>, 395 F2d 345, 347 (9th Cir 1968); <u>Caplan v Roberts</u>, 506 F2d 1039, 1042 (9th Cir 1974).

[11]<u>International Painters and Allied Trades Industry Pension Fund v R.W. Amrine Drywall Co., Inc.</u>, 239 FSupp2d 26, 30 (DDC 2002).

MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION
FOR RECONSIDERATION OF DENIAL OF HIS MOTION
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE                                              Page 5 of 6

DATED: August 9, 2005

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
John Siemers, Esq., for π
Raymond Olsen, *pro se* Δ
Gladys Olsen, *pro se* Δ
Peggy Gingras, Adv. Proc. Mgr.

D5480

8/10/05

MEMORANDUM REGARDING DENIAL OF TRUSTEE'S MOTION
FOR RECONSIDERATION OF DENIAL OF HIS MOTION
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Page 6 of 6